**EHNERT LEGAL SERVICES LLC**
Jesse C. Ehnert
100 Enterprise Drive, Suite 301
Rockaway, NJ 07866
973.552.8885 (phone)
973.954.7370 (fax)
jce@ehnertlegal.com
*Attorney for Plaintiff*
*Linda's Pumpkin Patch Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINDA'S PUMPKIN PATCH INC., <br><br> Plaintiff, <br><br> v. <br><br> PUMPKIN PATCH ACADEMY LLC, <br><br> Defendant. | Civil Action No. _____ <br><br> **VERIFIED COMPLAINT** |

Plaintiff Linda's Pumpkin Patch Inc., by its undersigned counsel, complaining of defendant Pumpkin Patch Academy LLC, alleges as follows:

**THE NATURE OF THE ACTION**

1. By this action, plaintiff Linda's Pumpkin Patch Inc. ("LPP") seeks to prevent the defendant, Pumpkin Patch Academy LLC ("PPA") from using a confusingly similar name in connection with the operation of a business in direct competition with LPP.

2. Specifically, and as set forth in more detail in this Verified Complaint, PPA is, as of the date of the filing of this Verified Complaint, in the process of opening a childcare business in a facility in Rahway, New Jersey under the name "Pumpkin Patch Academy," less than three miles away and in direct competition with LPP, which has operated a childcare business for many years using the Pumpkin Patch name.

3. LPP therefore seeks relief from this Court including an injunction temporarily and permanently enjoining PPA from using a confusingly similar name.

## PARTIES, JURISDICTION, AND VENUE

4. LPP is a New Jersey corporation with its primary place of business located at 764 Featherbed Lane, Clark, New Jersey 07066.

5. On information and belief, PPA is a New Jersey limited liability company with its principal place of business at 674-700 New Brunswick Avenue, Rahway, New Jersey 07065.

6. Jurisdiction over this matter is based upon 15 U.S.C. § 1125 and 28 U.S.C. §§ 1331, 1338, & 1367.

7. This Court has personal jurisdiction over PPA because it conducts business in this District and the events giving rise to the within claims occurred in this District.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) & (2) inasmuch as PPA resides within this District, and a substantial part of the events giving rise to the claim occurred within this District.

## FACTUAL ALLEGATIONS

### The Formation of LPP and the Pumpkin Patch Marks

9. LPP was formed on or about November 7, 1994 by Linda DiIorio, its owner and president, and predecessor in interest. A true and accurate copy of the Certificate of Incorporation for LPP is attached hereto as **Exhibit A**.

10. LPP has the exclusive right to use the service marks "Linda's Pumpkin Patch," "Pumpkin Patch," and various related trade names, trademarks, and service marks (certain of which are pending registration in the United States Patent and Trademark Office at the time of the filing of this Verified Complaint), and derivations thereof (the "Pumpkin Patch Marks").

11. Beginning in 1992, Ms. DiIorio, and later LPP as successor in interest, have operated a childcare business located at 200 Midvale Way, Westfield, New Jersey, and in connection with that business has at all relevant times used the Pumpkin Patch Marks.

12. On or about November 30, 1992, Ms. DiIorio filed a Trade Name Certificate in Union County (the "Trade Name Certificate") for the name "The Pumpkin Patch." A true copy of the Trade Name Certificate is attached hereto as **Exhibit B**.

13. In 1995, as LPP continued to build its reputation and expand its client base, LPP began the process of moving into its current location in Clark, New Jersey (the "LPP Facility"), approximately two miles from its original location, and began operations at the LPP Facility on February 17, 1997. A true and accurate copy of a news article dated March 19, 1997, announcing the opening of the LPP Facility, is attached hereto as **Exhibit C**.

14. LPP has continuously invested substantial effort and resources in developing its reputation and goodwill in the Pumpkin Patch Marks, including "The Pumpkin Patch" and "Linda's Pumpkin Patch" in order to cause consumers to recognize the Pumpkin Patch Marks as distinctly identifying LPP's facility and services.

15. Among other things, LPP has marketed its business using the Pumpkin Patch Marks in print and online advertising targeting Union County, New Jersey, where the LPP Facility is located. For example, LPP advertises in the Union County-specific edition of New Jersey Family magazine, which targets Clark and Rahway (and the rest of Union County). True and accurate copies of marketing materials exemplifying LPP's print marketing are attached hereto as **Exhibit D**.

16. New Jersey Family's website (www.njfamily.com) contains a search screen that filters search results by county. A true and accurate copy of search results for the category Childcare, filtered by Union County, is attached hereto as **Exhibit E**.

17. LPP has used the mark in interstate commerce. For example, the Pumpkin Patch Marks are used on forms and letterhead delivered to and returned by residents of the State of New York. True and accurate copies of sample communications and payments in interstate commerce (redacted for privacy purposes) are attached hereto as **Exhibit F**.

18. LPP routinely uses and has at all relevant times used "Pumpkin Patch" as an abbreviation of its business name. LPP typically answers telephone calls by referring to itself as "Pumpkin Patch."

19. Due to the nature of the childcare business, almost all of LPP's clients live and/or work in close proximity to the LPP Facility. Specifically, over 90% of LPP's current clients reside or are employed in Clark or a town adjacent to Clark (including Rahway).

20. Throughout the years, LPP has diligently and conscientiously built and maintained its reputation, which of course is of the upmost importance in the childcare industry, where businesses like LPP's are entrusted by their clients with the care of their young children throughout each day.

### Infringement and Unfair Competition by PPA

21. On information and belief, PPA was formed on or about November 25, 2015.

22. On information and belief, PPA intends to operate a childcare facility with the name "Pumpkin Patch Academy" located at 674-700 New Brunswick Avenue, Rahway, New Jersey 07065 (the "PPA Facility") in the fall of 2016. A true and accurate copy of a photograph of the PPA Facility, as of May 2016, is attached hereto as **Exhibit G**.

23. The PPA Facility is located within approximately 2.7 miles of the LPP Facility.

24. The PPA Facility, like the LPP Facility, is located in Union County, New Jersey.

25. Beginning in or around the spring of 2016, LPP received calls from clients and potential clients inquiring about the PPA Facility and expressing confusion with respect to its relationship to LPP's business. For instance, one individual called LPP asking for more information about enrolling at the PPA Facility.

26. By letter dated June 1, 2016 from LPP's counsel to PPA's counsel, LPP requested that PPA immediately cease use of the "Pumpkin Patch" name at the PPA Facility. PPA did not respond, so LPP sent a second letter dated June 13, 2016. True and accurate copies of the two letters (collectively the "June Letters") are attached hereto as **Exhibit H**.

27. On June 20, 2016, LPP's counsel contacted PPA's counsel by telephone, and PPA's counsel advised that she had not yet informed PPA as to the contents of the letters due to personal matters affecting PPA's counsel and PPA's principal.

28. By email dated July 7, 2016 from a second attorney representing PPA, PPA sought additional time to respond to the June Letters. LPP consented to the request. Thereafter, PPA's attorney responded by letter dated July 14, 2016 (the "July Letter"), and indicated that PPA would not cease its use of the Pumpkin Patch Marks. A true and accurate copy of the July Letter is attached hereto as **Exhibit I**.

29. According to PPA's July Letter, PPA is "related" to two daycare companies that operating in Avenel, New Jersey: "The Pumpkin Patch Child Development Center," located at 95-97 Avenel Street, Avenel ("PPCD") and "Pumpkin Patch Infant Care," located at 131-133 Avenel Street, Avenel ("PPIC").

30. PPCD and PPIC's location in Avenel is outside of Union County, in a city not bordering Clark, and is over four miles away from LPP.

## FIRST COUNT
### Federal Trademark Infringement and Unfair Competition

31. LPP incorporates the preceding paragraphs as if fully set forth herein.

32. LPP is the owner of the Pumpkin Patch Marks, which are valid and legally protectable.

33. PPA is using the Pumpkin Patch Marks in connection with goods and/or services provided at the PPA Facility in a manner that creates a likelihood of confusion among the public and prospective consumers and to unfairly compete with LPP.

34. PPA's use of the Pumpkin Patch Marks is likely to cause confusion, to cause mistake, and/or to deceive as to the affiliation, connection, or association of PPA and LPP, or as to the origin, sponsorship, or approval of PPA's goods, services, and/or commercial activities by LLP.

35. PPA's conduct has damaged and impaired that part of LPP's reputation and goodwill connected to the Pumpkin Patch Marks.

36. As a direct and proximate result of PPA's conduct, LPP has been and continues to be irreparably harmed and damaged.

## SECOND COUNT
### Common Law Trademark Infringement

37. LPP incorporates the preceding paragraphs as if fully set forth herein.

38. PPA's conduct constitutes trademark infringement of LPP's rights in the Pumpkin Patch Marks under the common law of the State of New Jersey.

39. PPA's conduct has damaged and impaired that part of LPP's reputation and goodwill connected to the Pumpkin Patch Marks.

40. As a direct and proximate result of PPA's conduct, LPP has been and continues to be irreparably harmed and damaged.

## THIRD COUNT
### Common Law Trade Name Infringement

41. LPP incorporates the preceding paragraphs as if fully set forth herein.

42. PPA's conduct constitutes infringement of LPP's trade name in such a way as to deceive the public into the belief that PPA's business is related to that of LPP.

43. As a direct and proximate result of PPA's conduct, LPP has been and continues to be irreparably harmed and damaged.

## FOURTH COUNT
### Common Law Unfair Competition

44. LPP incorporates the preceding paragraphs as if fully set forth herein.

45. PPA's conduct constitutes unfair competition under the common law of the State of New Jersey.

46. As a direct and proximate result of PPA's conduct, LPP has been and continues to be irreparably harmed and damaged.

## FIFTH COUNT
### Unfair Competition Under N.J.S.A. 56:4-1

47. LPP incorporates the preceding paragraphs as if fully set forth herein.

48. PPA's conduct constitutes unfair competition under N.J.S.A. 56:4-1.

49. As a direct and proximate result of PPA's conduct, LPP has been and continues to be irreparably harmed and damaged.

**WHEREFORE**, LPP demands judgment against PPA:

(a) Preliminarily and permanently restraining and enjoining PPA, its affiliates, subsidiaries, officers, agents, servants, employees, and attorneys, and all those who act in concert or participation with them, from

> (i) Marketing, promoting, or selling childcare services at the PPA Facility through use of marks and/or trade names confusingly similar to the Pumpkin Patch Marks, including the phrase "Pumpkin Patch";
>
> (ii) Otherwise using or registering marks in any manner that is confusingly similar to the Pumpkin Patch Marks, including the phrase "Pumpkin Patch"; and
>
> (iii) Otherwise unfairly competing with LPP in any manner;

(b) Directing PPA to deliver up for destruction all advertisements, labels, signs, prints, packages, wrappers, receptacles, and all other materials in its possession or under its control bearing marks confusingly similar to the Pumpkin Patch Marks;

(c) Ordering PPA to file with this Court and serve on LPP within ten (10) days after issuance of any injunction, a report in writing, under oath, setting forth in detail the manner and form in which PPA has complied with the injunction;

(d) Granting compensatory damages, treble damages, counsel fees, prejudgment interest, costs of suit, and

(e) Such other relief as this Court deems just.

## DEMAND FOR JURY TRIAL

LPP hereby demands trial by jury on all issues so triable.

Dated: August 25, 2016

            s/ Jesse C. Ehnert
            Jesse C. Ehnert
            **EHNERT LEGAL SERVICES LLC**
            100 Enterprise Drive, Suite 301
            Rockaway, NJ 07866
            973.552.8885 (phone)
            973.954.7370 (fax)
            jce@ehnertlegal.com
            *Attorneys for Plaintiff*
            *Linda's Pumpkin Patch Inc.*

## CERTIFICATION UNDER L. CIV. R. 11.2

I hereby certify that, to the best of my knowledge, the matter in controversy herein is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: August 25, 2016

            s/ Jesse C. Ehnert
            Jesse C. Ehnert
            **EHNERT LEGAL SERVICES LLC**
            100 Enterprise Drive, Suite 301
            Rockaway, NJ 07866
            973.552.8885 (phone)
            973.954.7370 (fax)
            jce@ehnertlegal.com
            *Attorneys for Plaintiff*
            *Linda's Pumpkin Patch Inc.*

## VERIFICATION

Linda DiIorio, of full age, hereby verifies as follows:

1. I am the owner and principal of plaintiff Linda's Pumpkin Patch Inc. in the above-captioned matter. As such, I am familiar with the facts and proceedings herein and am authorized to make this Verification.

2. I have read the Verified Complaint in this matter and am familiar with its contents. The factual matters alleged therein are true of my own knowledge, except for those matters alleged on information and belief and, as to those matters, I believe them to be true based on the information from sources I believe to be reliable.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: August 25, 2016            _____
                                  LINDA DiIORIO